```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF IOWA
                     CENTRAL DIVISION


ANDERSON PROPERTIES, INC.,        )
MARK ANDERSON PROPERTIES, L.C.,   )NO. 4:06-cv-00575-JAJ-RAW
A.M. ANDERSON PROPERTIES, L.C.,   )
                                  )
        Plaintiffs,               )
                                  ) REPORT AND RECOMMENDATION
   vs.                            )
                                  )
ASH CREEK ACQUISITIONS, L.L.C.,   )
                                  )
        Defendant.                )
```

This matter is before the Court pursuant to an order to defendant to show cause why it should not be sanctioned for its failure to respond to orders in this case. The petition seeks a declaratory judgment concerning the right to an Initial Earnest Money Deposit in the amount of $250,000 which defendant's assignor, Shepherd Holdings I, L.L.C. ("Shepherd"), paid for the purchase of certain real property located in Urbandale, Polk County, Iowa. As required by an April 21, 2006 Purchase and Sale Agreement between plaintiffs and Shepherd, Shepherd deposited an Initial Earnest Money Deposit of $250,000 with Chicago Title Company. By agreement the funds were transferred to TICOR Title Insurance Company. On June 29, 2006 Shepherd assigned its rights under the purchase agreement to defendant, Ash Creek Acquisitions, L.L.C. Defendant failed to make a Second Earnest Money Deposit as required by the agreement and on July 19, 2006 served on plaintiffs a notice of

election to terminate the purchase agreement. Plaintiffs requested that TICOR deliver the Initial Earnest Money Deposit to plaintiffs. Defendant directed the Initial Earnest Money Deposit be released to Shepherd. Shepherd subsequently advised plaintiffs that "neither Shepherd, nor any of its other related or affiliated entities were in any way party to the Agreement or corresponding escrow." (Petition ¶ 20). On July 27, August 3 and August 10, 2006 plaintiffs published notice of forfeiture of the Purchase and Sale Agreement. Plaintiffs filed their petition for declaratory judgment in the Iowa District Court for Polk County on November 13, 2006 seeking a declaration that title to the Initial Earnest Money Deposit rests in them. Defendant, at that time represented by counsel, removed the case to this Court on December 4, 2006.

By order entered December 4, 2007, an unresisted motion to withdraw as attorney for defendant Ash Creek Acquisitions, L.L.C. was granted. The order directed defendant to report to the Court by December 28, 2007, whether it intended to proceed with the defense of the action and describing what efforts had been made to employ substitute counsel. Defendant was notified failure to comply could result in the imposition of sanctions including entry of a default judgment. As directed, defendant's counsel as a final responsibility to the Court certified on December 6, 2007 that the order was served by U.S. mail and e-mailed on defendant at its last known address: Mr. Jason R. Larson, Ash Creek Acquisitions, L.L.C.,

c/o A-Spire Financial Corporation, 10200 S.W. Greenburg Road, 7th Floor, Portland, Oregon, 97223 and jlarson@a-spirefinancial.com. When no report was filed by December 28, 2007, the Court on its own motion extended the time to January 22, 2008. Defendant was again informed that "[f]ailure to comply may result in sanctions, including entry of a default judgment." A copy of the order extending time was mailed to defendant at the address noted above. Defendant did not respond. On January 29, 2008, a show cause hearing was set for February 11, 2008, to determine why sanctions, including entry of default, should not be imposed upon defendant for failing to comply with the Court's order for a report as described above. The show cause order was mailed to defendant at the address indicated above.

      On February 11, 2008 a show cause hearing was held before the undersigned. In the order setting the show cause hearing defendant was notified that failure to appear for the hearing, either in-person or by telephone, might result in the entry of default judgment. Attorney John Gocke appeared for plaintiff. Defendant did not appear nor anyone for it. Mr. Gocke has had no contacts with defendant nor with any representatives of defendant since the Kutak Rock firm was allowed to withdraw. As of this date, defendant has yet to comply with the order of December 4, 2007. Plaintiffs requested entry of judgment by default for defendant's failure to appear and show cause why default should not be entered.

3

Plaintiffs requested that the default judgment be entered in the form of a declaratory judgment that in accordance with the terms of the Purchase and Sale Agreement, Exhibit A attached to the petition, plaintiffs, jointly and severally, are entitled to the Initial Earnest Money Deposit being held in escrow by TICOR Title Insurance Company. Plaintiffs do not seek any of the other relief prayed for in its complaint. Following the show cause hearing on February 11, 2008, the Court received notice mail to defendant which had included the notice of the February 11 show cause hearing had been returned as undeliverable [30].

Federal Rule of Civil Procedure 16(f)(1)(C) provides that if a party fails to obey a pretrial order "[o]n motion or on its own the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Rule 37(b)(2)(A)(vi) authorizes the Court to render a judgment by default against the disobedient party. Default in these circumstances may also be entered pursuant to Fed. R. Civ. P. 55. See Canal Ins. Co. v. Ashmore, 61 F.3d 15, 16-17 (8th Cir. 1995). Defendant has failed to report to the Court as ordered concerning whether and how it will proceed in this matter, it is reasonable to infer defendant has abandoned the defense, and defendant has failed to keep the Court informed of

address changes, as required by LR 11. Default judgment should be entered.[1]

Accordingly, IT IS RESPECTFULLY RECOMMENDED that plaintiffs' request for entry of default judgment against defendant Ash Creek Acquisitions, L.L.C. be granted and that judgment be entered declaring that plaintiffs are entitled to receive the Initial Earnest Money Deposit held in escrow by TICOR Title Insurance Company in the amount of $250,000 plus any interest accrued due to the default of defendant under the Purchase and Sale Agreement which is the subject of this action.

IT IS ORDERED written objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), must be filed by **March 14, 2008**. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Wade for Robinson v. Callahan, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and set forth the basis for such objections. See Fed. R. Civ. P. 72; Thompson, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. Thomas v. Arn, 474 U.S. 140, 155 (1985); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994); Halpin v. Shalala, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); Thompson, 897 F.2d at 357.

---

[1] As defendant is in default the Court has taken the well-pleaded allegations of the complaint as true.

A copy of this Report and Recommendation shall be sent to defendant at Ash Creek Acquisitions by U.S. Mail addressed to Mr. Jason R. Larson, Ash Creek Acquisitions, L.L.C., c/o A-Spire Financial Corporation, 10200 S.W. Greenburg Road, 7th Floor, Portland, Oregon, 97223 and by e-mail addressed to jlarson@a-spirefinancial.com.

IT IS SO ORDERED.

Dated this 22d day of February, 2008.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE